UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBIN PERRON,<br>　　Plaintiff, | : | CIVIL CASE NO.<br>3:23-CV-1521 (JCH) |
| v. | : | |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　Defendant. | : | MARCH 19, 2025 |

**RULING ON MOTION FOR ATTORNEY'S FEES (DOC. NO. 25)**

**I.　INTRODUCTION**

Richard B. Grabow ("Attorney Grabow"), attorney for Robin Perron ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code.  Attorney Grabow seeks $33,034.00, which is twenty-five percent of the total past due benefits awarded to the plaintiff.  See Affidavit ("Afft.") Motion for Attorney's Fees ("Mot. for Atty's Fees") (Doc. No. 25-3) at ¶ 5.   The Commissioner, in his limited role in this type of proceeding, requests that the court determine the reasonableness of the fee request.  See Response to Motion for Fees Pursuant to Section 406(b) ("Def.'s Resp.") (Doc. No. 26) at 2.

For the reasons stated below, the Motion for Award of Attorney's Fees (Doc. No. 25) is granted.

**II.　BACKGROUND**

On March 18, 2024, the plaintiff filed her Motion to Reverse the Decision of the Commissioner (Doc. No. 16).  On May 3, 2024, the Commissioner moved to remand the case under sentence four of 42 U.S.C. § 405(g).  That Motion was granted May 7, 2024,

1

and the case was remanded to the Commissioner for additional administrative proceedings.

A "Notice of Award" was issued on March 1, 2025, by the Social Security Administration advising the plaintiff that she was awarded past due benefits beginning June 2021, and that $33,034.00, representing 25% of her total past due benefits, was withheld for payment of attorney's fees.  Notice of Award (Doc. No. 25-2) at 3.

### III.   STANDARD

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  "The effect of this provision . . . is threefold: it fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (footnote, quotation marks, and citation omitted).

In evaluating a fee application pursuant to section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]"  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  As part of the reasonableness analysis, a district court must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement."  Fields, 24 F.4th at 849 (footnote omitted).  This determination also requires consideration of whether a requested fee would

amount to a "windfall" to the attorney.  Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").  "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Fields, 24 F.4th at 854. "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits." Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854–55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.  Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable." Id.

**IV.    DISCUSSION**

  A.    Reasonableness

First, Attorney Grabow possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  Second, Attorney Grabow spent 24.75 hours representing the plaintiff in this court and successfully seeking remand.  Expending 24.75 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time." Jones v. Colvin, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (quotation marks and citation omitted).  Third, the Award of retroactive benefits obtained is substantial, because, inter

3

alia, of the time that passed after the initial ALJ decision, appeal thereof, and second proceeding at the Social Security Administration. The court presumes that the plaintiff is satisfied with Attorney Grabow's representation in this case.  Indeed, this presumption is strengthened by the fact that the plaintiff received notice of the Motion, and counsel does not indicate that plaintiff objects.  Further, plaintiff agreed to the fee of 25% of past due benefits, which is the total plaintiff's counsel would ordinarily receive.  See Retainer Agreement, Mot. for Atty's Fees (Doc. No. 25-1).  In addition, the relationship of Attorney Grabow and his client lasted over five years.   Without counsel's efforts that resulted in remand, it is likely that this successful outcome would not have been achieved.  Finally, as noted above, the recovery in a Social Security appeal case is uncertain.  Thus, the court finds the amount requested is reasonable and does not amount to a "windfall" to counsel.

**V.     CONCLUSION**

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees (Doc. No. 25) is granted.  Attorney Grabow is awarded fees in the amount of $33,034.00, which represents 25% of the plaintiff's past due benefits.  In light of the court's Ruling, Attorney Grabow must promptly refund the plaintiff $6,054.25, which represents the EAJA award previously paid to him.  See Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and [section] 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee." (quotation marks and citation omitted)).

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of March 2025.

                                           /s/ Janet C. Hall
                                           Janet C. Hall
                                           United States District Judge